# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00795-CV

**Armon Crenshaw, Appellant**

**v.**

**Shanique Thomas, Appellee**

### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18-0620-F395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Armon Crenshaw filed notice of appeal complaining of the trial court's dismissal of a recusal request.[1]  Upon initial review, the Clerk of this Court sent Crenshaw a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).  In this case, the action by the trial court referenced by Crenshaw does not appear to be an appealable interlocutory order.  *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if

---

[1] The notice of appeal does not include a copy of the relevant order by the trial court.

a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders). The Clerk requested a response on or before May 1, 2023, informing this Court of any basis that exists for jurisdiction. Crenshaw failed to file any response.

We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).[2]

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: May 9, 2023

---

[2] Even if we could exercise jurisdiction over this appeal, this appeal would be dismissed for want of prosecution. *See* Tex. R. App. P. 42.3(b). Appellant's brief was originally due on February 13, 2023. On April 5, 2023, this Court sent a notice to appellant informing him that his brief was overdue and that a failure to file a satisfactory response by April 17, 2023 would result in the dismissal of this appeal for want of prosecution. To date, appellant has not filed a brief or a motion for extension of time.